UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-CV-00321-AGF |
| ) | |
| JAMES HURLEY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion (Doc. No. 3) for an order to stay and hold his federal habeas petition in abeyance pending his exhaustion of claims that he raised in a state court motion to reopen his post-conviction proceedings. For the reasons set forth below, Petitioner's motion shall be denied.

## BACKGROUND

On June 25, 2009, a Missouri court entered its sentence and judgment of conviction against Petitioner on the charge of involuntary manslaughter. On direct appeal, in an opinion issued on December 7, 2010, the Missouri Court of Appeals affirmed Petitioner's conviction. On March 30, 2011, Petitioner filed a pro se motion for state post-conviction relief under Missouri Supreme Court Rule 29.15, and on July 15, 2011, Petitioner amended his motion with the assistance of a public defender. The only claims raised on appeal from denial of the post-conviction motion were that trial counsel was ineffective for failing to call a certain witness and for failing to have certain evidence tested for DNA, and that appellate

counsel was ineffective for failing to assert on direct appeal that the trial court erred in denying trial counsel's request for a lesser-included offense instruction. On February 26, 2013, the Missouri Court of Appeals affirmed the denial of Petitioner's amended post-conviction motion.

On December 9, 2013, Petitioner filed a motion in state court to reopen his post-conviction proceedings due to abandonment of counsel. Specifically, Petitioner claimed that direct appeal counsel abandoned him by failing to preserve several claims of error that were raised by Petitioner's trial counsel. Petitioner also claimed that post-conviction counsel abandoned him by filing a deficient post-conviction motion.

On February 20, 2014, Petitioner filed his federal habeas petition, which asserts several claims, including the abandonment of direct appeal and post-conviction counsel claims discussed above. The same day, Petitioner filed the present motion for stay and abeyance, asserting that the federal habeas action should be stayed because Petitioner's state court motion to reopen his post-conviction proceedings had not yet been adjudicated. Respondent filed a response to the motion for stay and abeyance on May 30, 2014. Respondent notes that Petitioner's state court motion to reopen has in fact been adjudicated and was denied on December 11, 2013, two days after the motion was filed.

The state court judgment, which is attached as an exhibit to Respondent's response, denied Petitioner's motion to reopen because the state court found it had no remaining jurisdiction to consider issues regarding abandonment of direct appeal counsel that were or could have been raised in Petitioner's initial post-conviction motion. The state court also held that Petitioner's claim regarding abandonment of post-conviction counsel failed

because Missouri does not recognize a constitutional challenge of ineffective assistance of post-conviction counsel and because there was no evidence that the actions of post-conviction counsel constituted abandonment. Petitioner did not appeal the denial of his motion to reopen.

In his reply in support of the present motion for stay and abeyance, Petitioner states that he was never served a copy of the state court judgment denying his motion to reopen. For that reason, on July 30, 2014, Petitioner filed a second motion in state court to reconsider the denial of his motion to reopen. On August 6, 2014, the state trial court issued an order denying Petitioner's motion to reconsider, and on September 8, 2014, Petitioner appealed that order to the Missouri Court of Appeals. https://www.courts.mo.gov/casenet, Case No. 1111-CV03043. As of the date of this Order, Petitioner's state court appeal of the motion to reconsider is still pending. *Id.*

Respondent has also filed a response to the Court's Order to show cause why habeas relief should not be granted. Respondent contends that all of the claims raised in Petitioner's habeas petition are barred by the statute of limitations, but Respondent does not otherwise contend that this Court is procedurally barred from considering Petitioner's abandonment of counsel claims.

## **DISCUSSION**

The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. Under this procedure, a federal district court has discretion to stay the habeas action to allow the petitioner to present his unexhausted claims to the state court and then return to

federal court for review of his petition. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate in limited circumstances, when the district court finds good cause for a petitioner's failure to exhaust his claims in the state court, and the unexhausted claims are not "plainly meritless." *Id.* at 277. "[I]f no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in [28 U.S.C.] § 2254(b) is satisfied," but the claim may have been procedurally defaulted in state court. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). In such cases, a stay and abeyance is unnecessary, and the Court must instead consider whether the claim has been procedurally defaulted, and if so, whether the default may be excused. *Id.*

Here, Petitioner's abandonment of counsel claims do not appear to be unexhausted. The state court has already adjudicated Petitioner's abandonment of counsel claims in at least one unappealed order, and the Court is not convinced that Petitioner has any non-futile state court remedy left to exhaust. Moreover, Respondent does not contend that the Court is procedurally barred from considering Petitioner's abandonment of counsel claims due to any failure to exhaust these claims. The only procedural bar Respondent raises regarding the abandonment of counsel claims is the statute of limitations. As such, the Court finds that a stay and abeyance is unnecessary.

## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's motion for stay and abeyance is **DENIED**. (Doc. No. 3.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2014.